UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:02-CR-118-BO
NO. 5:12-CV-40-BO

| | | |
|---|---|---|
| JAMES ELLIS UPCHURCH, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion for reconsideration of this Court's order denying his motion to vacate pursuant to 28 U.S.C. § 2255. The government opposes petitioner's motion, and, for the reasons discussed below, petitioner's motion is denied.

## BACKGROUND

Mr. Upchurch pleaded guilty pursuant to a plea agreement on August 26, 2002, to a single count of felon in possession of a firearm in violation 18 U.S.C. §§ 922(g)(1) and 924. Mr. Upchurch was sentenced to 180 months' imprisonment on December 12, 2001, and judgment was entered on the court's docket on January 14, 2003. Mr. Upchurch filed a motion to vacate pursuant to 28 U.S.C. § 2255 contending that, based on the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he is no longer an armed career criminal under 18 U.S.C. § 924(e) (ACCA) and should be re-sentenced accordingly. The Court found that *Simmons* does not provide a change in the existing law that would grant Mr. Upchurch relief [DE 28].

Almost three months following entry of the Court's order, Mr. Upchurch, through counsel, asks that the Court reconsider its holding. Though Mr. Upchurch cities no authority that would permit the Court to reconsider its earlier ruling at this stage, the Court will construe the

motion as one under Rule 60(b)(6) of the Federal Rules of Civil Procedure.[1]

## DISCUSSION

Mr. Upchurch contends that the two serious drug offense convictions upon which his armed career criminal enhancement is based are, under *Simmons*, no longer serious drug convictions. Though Mr. Upchurch advanced a similar argument when proceeding *pro se*, and the Court has already rejected it, Mr. Upchurch now appears to contend that because his predicate serious drug convictions were imposed under North Carolina's Fair Sentencing Act of 1981, Mr. Upchurch could not have received more than three years' imprisonment for each offense.

Mr. Upchurch has cited no authority that would cause the Court to reconsider its earlier ruling. As previously held, whether or not a predicate state conviction is a serious drug offense for purposes of the ACCA is not dependent on the sentence that could have been received by a particular defendant, but rather is dependent only on what the law of the state prescribes as the maximum punishment for a particular offense. 18 U.S.C. § 924(e)(2)(ii); *McNeill v. United States*, 131 S. Ct. 2218, 2221-22 (2011). The statutory maximum that Mr. Upchurch faced was ten years; therefore, the predicate convictions at issue still qualify as serious drug offense convictions for purposes of the ACCA [DE 33 Ex. 1].

Furthermore, the Court notes that Rule 60(b) motions that seek the same relief as that which would be afforded by a successful § 2255 petition should be deemed as such and are subject to the second or successive bar provided by § 2255(h). *See Gonzalez v. Crosby*, 545 U.S.

---

[1] Rule 60(b)(6) permits a court to relieve a party from final judgment for any (other) reason that justifies relief.

524, 531 (2005) (a Rule 60(b) motion based on a change in substantive law is in substance a second or successive habeas proceeding and should be so treated); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition). Mr. Upchurch would not be required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Mr. Upchurch is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether Mr. Upchurch is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of

3

denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Mr. Upchurch's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Because Mr. Upchurch remains facially ineligible from benefitting from any relief under the holding in *United States v. Simmons*, his motion for reconsideration [DE 32] is DENIED. Additionally, because Mr. Upchurch's motion seeks relief already sought in a prior § 2255 petition that was adjudicated on the merits, the instant motion is hereby recharacterized as a petition pursuant to 28 U.S.C. § 2255 and the Court is without jurisdiction to consider it. The motion to vacate is therefore DISMISSED.

SO ORDERED, this 26 day of October, 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE